AARON D. FORD
 Attorney General
ALEXANDER J. SMITH (Bar No. 15484C)
 Deputy Attorney General
State of Nevada
Office of the Attorney General
555 East Washington Avenue
Suite 3900
Las Vegas, Nevada  89101
(702) 486-4070 (phone)
(702) 486-3773 (fax)
Email:  ajsmith@ag.nv.gov

*Attorneys for Defendants*
*Isidro Baca, Andrei Antonov,*
*and John Coleman*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| RICHARD W. PETERS, | Case No. 2:18-cv-00893-APG-NJK |
|---|---|
| Plaintiff, | **ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION TO EXTEND DISPOSITIVE MOTIONS DEADLINE ONLY TO JANUARY 11, 2021 (SECOND REQUEST)** |
| v. | |
| ISIDRO BACA, *et al.,* | |
| Defendants. | |

Defendants, Isidro Baca, Andrei Antonov, and John Coleman (collectively NDOC Employees), by and through counsel, Aaron D. Ford, Nevada Attorney General, and Alexander J. Smith, Deputy Attorney General (DAG Smith), of the State of Nevada, Office of the Attorney General, hereby move a second time to extend by ninety days the dispositive motions deadline only to January 11, 2021. At 2:00 P.M. on October 14, 2020, counsel for Defendants met and conferred via telephone with Plaintiff to discuss this second motion to extend the deadline to file dispositive motions. Plaintiff stated that this motion is unopposed.

///

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. BACKGROUND

A July 14, 2020 order grants (ECF No. 25) Plaintiff Richard W. Peters's (Peters) second motion for an extension of time and extends the dispositive motions deadline to October 12, 2020. Because new counsel for NDOC Employees was recently appointed to this case, NDOC Employees respectfully request an extension of time of ninety days to file dispositive motions; good cause and excusable neglect exists to extend the dispositive motions deadline to January 11, 2021.

On October 12, 2020, Defendants moved (ECF No. 28) a first time to extend the dispositive motions deadline for the reasons stated below. An October 13, 2020 order (ECF. No. 28) denies the motion because counsel failed to meet and confer before moving for an extension.

## II. LAW AND ARGUMENT

### A. Rule 6(b), Federal Rules of Civil Procedure

Rule 6(b)(1), Federal Rules of Civil Procedure, governs extensions of time and states:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

After a deadline has passed, Rule 6 requires a showing of both "good cause" and "excusable neglect." *Brosted v. Unum Life Ins. Co. of Am.*, 421 F.3d 459, 464 (7th Cir. 2009). Under Rule 6, good cause is not a rigorous or high standard, and courts have construed the test broadly. *Ahanchion v. Kenan Pictures*, 624 F.3d 1253 (9th Cir. 2010). Excusable neglect requires "a demonstration of good faith . . . and some reasonable basis for noncompliance within the specified period of time." *Petrocelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1312 (3rd Cir. 1995). Whether neglect is excusable, so as to allow an extension of time, is an equitable determination. *Hawks v. J.P. Morgan Chase Bank*, 591 F.3d 1043, 1048 (8th Cir.

///

2010) (determination as to what sort of neglect is considered excusable is an equitable one, taking account of all relevant circumstances surrounding a party's omission).

In adjudicating excusable neglect, a court must take into account all relevant circumstances, including (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the moving party; and (4) whether the moving party acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

Rule 6(b) "[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983); *Wong v. Regents of the Univ. of Calif.*, 410 F.3d 1052, 1060 (9th Cir. 2005) ("Of course, courts should not mindlessly enforce deadlines.") The excusable neglect doctrine exists to prevent a victory by default. *Newgen, LLC. v. Safe Cig*, LLC, 840 F.3d 606, 616 (9th Cir. 2016) (observing that it is "the general rule that default judgments are ordinarily disfavored). An action should be decided on its merits and not on technicality. *Rodriguez v. Village Green Realty*, LLC, 788 F.3d 31, 47 (2d. Cir. 2015) (citing *Cargill, Inc. v. Sears Petroleum & Transp. Corp.*, 334 F. Supp. 2d 197, 247 (NDNY 2014) and observing that there is a strong preference for resolving disputes on the merits). See generally 1 *Moore's Federal Practice*, §6.06[3] (Matthew Bender 3d Ed.).

**B.    Local Rules IA 6-1 and 26-3**

LR IA 6-1 requires that a motion to extend time must state the reasons for the extension requested and will not be granted if requested after the expiration of the specified period unless the movant demonstrates that the failure to file the motion before the deadline expired resulted because of excusable neglect. LR 26-3 requires that a motion to extend any date set by the discovery plan, scheduling order, or other order must, as well as satisfying the requirements of LR IA 6-1, demonstrate good cause for the extension, and such a motion filed after the expiration of the deadline will not be granted unless the movant demonstrates that the failure to act resulted from excusable neglect.

Finally, LR 26-3 lists four factors that are considered upon adjudication of a motion to extend a discovery deadline or to reopen discovery: (a) a statement specifying the discovery completed; (b) a specific description of the discovery that remains to be completed; (c) the reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and (d) a proposed schedule for completing all remaining discovery.

**C.  Good Cause and Excusable Neglect Exist, Thus an Order Should Grant NDOC Employees' Motion for an Extension of the Dispositive Motions Deadline**

Here, good cause exists for extending the dispositive motions deadline by ninety days from October 12, 2020, to January 11, 2021. NDOC Employees intend to move for summary judgment and will raise a qualified immunity defense and argue that no constitutional violations occurred. By extending the deadline from October 12, 2020, Peters is under no danger of prejudice, and the delay is short (counsel understands that the Office of the Attorney General should have moved for an extension of time more than twenty-one days before the dispositive motion deadline is due, but for reasons outlined below, this did not happen)—counsel for NDOC Employees, Deputy Attorney General Alexander J. Smith (DAG Smith), apologizes for moving a first time on the deadline date and for moving a second time several days after the deadline but reassures the court that Defendants act in the utmost good faith and that the extension sought will not impact negatively on judicial proceedings.[1]

DAG Smith started with the Nevada Attorney General's Office approximately a month ago and was only recently admitted to the Federal District Court. Upon commencement of his employment, DAG Smith became counsel of record for the defense in approximately forty actions and has worked assiduously and expeditiously to review each

---

[1] Defendants have always acted in good faith and moved (ECF No. 28) for an extension before the expiration of the deadline; while counsel for Defendants concedes that he should have attempted to meet and confer with Plaintiff before the date of the dispositive motions deadline, he did state in the motion that he made a good faith effort to meet and confer with Peters that same day and that he would attempt again to arrange something later in the week and supplement that motion with the results of the meet and confer. (ECF No. 28 at 2)

case file. Only very recently, because of a previous calendar oversight that has since been rectified, it transpired that the deadline to file dispositive motions was rapidly approaching. DAG Smith moved (ECF No. 28) on the deadline date for an extension, but an order (ECF No. 29) denied the motion without prejudice because of a failure to meet and confer. DAG Smith hereby re-files that motion, which now incorporates an examination of the excusable neglect standard because the second motion for an extension is filed several days after the dispositive motions deadline.

Also, the previous attorney for NDOC Employees transitioned to his new role during this time. Bearing in mind the numerous technological difficulties caused by the State of Nevada moving to working from home because of the COVID-19 crisis, DAG Smith is working diligently to defend this action. Soon after DAG Smith became aware of the pending deadline dispositive motions deadline, he has worked tirelessly and in good faith to review the docket in this action and to draft this and Defendants' previous motion. In sum, DAG Smith needs additional time in order to adequately brief the court for summary judgment.

### D. The Four Factors Contained Within LR 26-3 Are Satisfied[2]

The four factors contained within LR 26-3—(a) a statement specifying the discovery completed; (b) a specific description of the discovery that remains to be completed; (c) the reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and (d) a proposed schedule for completing all remaining discovery—are satisfied. NDOC Employees have completed discovery in this action, and no further discovery is needed. The reasons why the deadline was not adhered to are succinctly and thoroughly elaborated on at length in the preceding paragraphs. No

---

[2] LR 26-3 lists four factors that are considered. Arguably, these apply only when a party moves for an extension to extend a discovery deadline or to reopen discovery; here, NDOC Employees neither move to extend a discovery deadline nor move to reopen discovery, but because a July 14, 2020 order (ECF No. 25) amends the April 13, 2020 Scheduling Order (Doc. 20), grants Peters' second motion (ECF No. 25) for an extension of time, and moves the dispositive motions deadline to October 12, 2020, out of an abundance of caution, the factors contained within LR 26-3 are addressed in case the court decides that the four-factor requirement contained within that rule applies in this instance.

discovery remains, but NDOC Employees move to amend the Scheduling Order to extend the dispositive motions deadline from October 12, 2020, to January 11, 2021.

### E. Meet and Confer

As outlined above, at 2:00 P.M. on October 14, 2020, counsel for Defendants met and conferred via telephone with Plaintiff to discuss this second motion to extend the deadline to file dispositive motions. Plaintiff stated that this motion is unopposed. (See Declaration of Counsel for the Defendants: Exhibit A)

### III. CONCLUSION

NDOC Employees demonstrate good cause to extend the dispositive motions deadline to January 11, 2021, and demonstrate excusable neglect for moving to extend the dispositive motions deadline after the deadline itself. Plaintiff does not oppose this motion. Due to the nature of summary judgment and the time and complexity involved in adequately briefing the court, and because the Ninth Circuit and other appellate courts prefer to see that cases are tried on the merits and not on a technicality, NDOC Employees respectfully request an extension of time from October 12, 2020, to January 11, 2021, to file dispositive motions.

DATED this 15th day of October, 2020.

AARON D. FORD
Attorney General

By: /s/ Alexander J. Smith
ALEXANDER J. SMITH (Bar No. 15484C)
Deputy Attorney General

*Attorneys for Defendants*

IT IS SO ORDERED.

Dated: October 16, 2020

_____
UNITED STATES MAGISTRATE JUDGE